IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN PENNINGTON, | : | |
|     Plaintiff | : | No. 4:11-cv-02334 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MIDD-WEST SCHOOL DISTRICT; | : | |
| WESLEY L. KNAPP, Ph. D.; and | : | |
| DAPHNE D. SNOOK, | : | |
|     Defendants | : | |

**MEMORANDUM ORDER**

On March 9, 2012, Plaintiff Kathleen Pennington filed an amended complaint, bringing two claims against Defendants Midd-West School District, Wesley L. Knapp, Ph.D. and Daphne D. Snook: (1) a retaliation claim pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 704 (Count I); and (2) a retaliation and associational discrimination claim pursuant to the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951, et seq. (Count II). (Doc. No. 16.)  In her amended complaint, Plaintiff alleges that she was terminated from the Midd-West School District because she advocated on behalf of her son, a student with a fatal food allergy to peanuts.

On March 23, 2012, Defendants filed a motion to dismiss, asserting that Count I of Plaintiff's amended complaint fails to state cognizable claims against the individual defendants, because there is no individual liability for damages under either Title II of the ADA or Section 504 of the Rehabilitation Act.  (Doc. No. 17.)  In response, Plaintiff argues that her claims against the individual defendants are in their official capacities under the ADA and the

Rehabilitation Act and thus are proper.  (Doc. No. 20.)  Defendants filed a reply brief, arguing that Plaintiff's inclusion of the individual defendants is redundant and should therefore be dismissed from the amended complaint.  (Doc. No. 21.)

A district court may dismiss claims against public officials in their official capacity where the government entity is also named as a defendant "because a lawsuit against public [officials] in their official capacities is functionally a suit against the public entity that employs them."  Cuvo v. De Biasi, 169 F. App'x 688, 693 (3d Cir. 2006) (citing McMillian v. Monroe Cnty., 520 U.S. 781, 785 n.2 (1997)).  Where the public entity that employs the individual defendants is also named as a defendant, the suit against the individual defendants is redundant.  Id. (citing McMillian, 520 U.S. at 785 n.2; Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)); Blunt v. Lower Merion Sch. Dist., 559 F. Supp. 2d 548, 568 ("[W]hen a suit against individual defendants would be duplicative of those against a government entity, which is also sued, the claims against the individuals should be dismissed as the government entity is the real party in interest.").   Here, because Plaintiff brings Count I against Defendant Midd-West School District and two school district officials in their official capacities, the inclusion of the individual defendants in their official capacities is redundant.  Therefore, the Court will grant Defendants' motion, thereby eliminating the redundant claims and "simplifying the litigation in a way that does not cause any prejudice to plaintiffs."  See Blunt, 559 F. Supp. 2d at 568.

**ACCORDINGLY**, on this 19th  day of June 2012, **IT IS HEREBY ORDERED THAT** Defendants' motions to dismiss Count I of Plaintiff's amended complaint as to all individual defendants (Doc. No. 17) is **GRANTED**.  The Clerk of Court is directed to delay entry of judgment until all claims have been adjudicated.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania